Simon **GJOKA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 04–1744–ag.

United States Court of Appeals, Second Circuit.

Jan. 3, 2006.

Sam Gjoni, New York, New York, for Petitioner.

David Kelley, United States Attorney for the Southern District of New York (Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, on the brief), for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Simon Gjoka, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court generally reviews only the BIA's opinion. *Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). However, when the BIA rejects part of the basis of an IJ's decision, but otherwise affirms the holding, this Court reviews the judgement of the IJ as modified by the BIA's decision. *Id.* Here, because the BIA agreed with the IJ's ultimate determination that Gjoka failed to meet his burden of proof "through credible testimony or otherwise," but rejected some of the IJ's subsidiary credibility findings, and rejected the frivolous finding, the Court reviews the decision of the IJ as modified by the BIA. *Id.* However, the BIA's decision prevents our adequate review because it did not specify which of the IJ's reasons it found to be based impermissibly on speculation and conjecture, thus we are unable to discern what the BIA did and did not adopt.

This Court will affirm the BIA's adverse credibility determination, and/or the findings underlying it, if they are supported by substantial evidence, but will not speculate about what those findings were. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149–50 (2d Cir.2003). Because we are unable to discern the basis for the BIA's affirmance, the case must be remanded, to allow the BIA to clarify its reasoning regarding Gjoka's credibility, and to specify which of the

IJ's reasons provide a legitimate basis to deny asylum. *Jin Shui Qiu*, 329 F.3d at 149.

We note, however, that Gjoka has failed to raise either his withholding of removal or CAT claim before this Court, and therefore both are deemed waived. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

The decision of the BIA is accordingly VACATED, in part, and the case is REMANDED for further proceedings consistent with this decision.