Simon GJOKA, Petitioner,

v.

IMMIGRATION and
NATURALIZATION SERVICE,
Respondent.

No. 07–0601–ag.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2007.

Sam Gjoni, Esq., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Brendan P. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Simon Gjoka, a native and citizen of Albania, seeks review of a January 22, 2007 order of the BIA affirming the September 19, 2002 decision of Immigration Judge ("IJ") Alan A. Vomacka, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simon Gjoka*, No. A78 323 384 (B.I.A. Jan. 22, 2007), *aff'g* No. A78 323 384 (Immig. Ct. N.Y. City Sept. 19, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA rejects certain bases for the IJ's decision but otherwise affirms the IJ's decision, we review the IJ's decision as modified by the BIA's decision, i.e., without that portion of the IJ's reasoning that was rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). In addition, when the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA supplemented the IJ's decision and rejected two of the findings supporting the IJ's adverse credibility determination as impermissibly speculative, but otherwise affirmed the decision in all respects. Thus, we review the IJ's decision as supplemented and modified by the BIA, minus the speculative findings that the BIA rejected. *See Xue Hong Yang*, 426 F.3d at 522; *Yan Chen*, 417 F.3d at 271.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ As an initial matter, Gjoka's argument that the IJ conducted the hearing in a biased manner and prevented him from fully presenting his claims, thus denying him his due process rights, is meritless. Due process in the asylum context requires that "an applicant receive a full and fair hearing that provides a meaningful opportunity to be heard." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006). A review of the record reveals that Gjoka received a full hearing, during which he was provided ample opportunity to testify, submit corroborating evidence, and present witness testimony. *See id.*

■ We conclude, now that the BIA has had the opportunity to clarify its reasons for affirming the IJ's decision,[1] that the IJ's adverse credibility determination was supported by substantial evidence. An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307

(2d Cir.2003). Here, the BIA properly rejected certain of the IJ's findings as impermissibly speculative. Viewing only the remaining findings, the IJ's adverse credibility determination, on the whole, is supported by substantial evidence in the record.

■ The IJ properly drew an adverse inference from Gjoka's attempt to corroborate his account of his 1997 police beating with a doctor's letter that partially contradicted his testimony. *See Secaida–Rosales,* 331 F.3d at 307. Gjoka testified that he was arrested on July 4, 1997, detained and beaten for three days, and then treated by a doctor for his injuries after his release. However, the purported doctor's report he submitted was also issued on July 4, 1997, and states that Gjoka was examined on that day. Because Gjoka was unable to explain how he could be simultaneously in the hospital and in jail on July 4, this inconsistency provided the IJ with a valid basis to doubt his credibility. *See Zhou Yun Zhang,* 386 F.3d at 74. While Gjoka hypothesized that the doctor made a mistake, the IJ reasonably found this explanation unlikely. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

■ Furthermore, in making his adverse credibility determination, the IJ reasonably relied on inconsistencies in Gjoka's testimony regarding letters he allegedly received from his father. Gjoka testified that he received "so many letters from [his] father telling [him] please son don't come back here" and also stating that the police continued to look for him. However, Gjoka did not submit any of these letters into evidence; he claimed that he

---

1. A panel of this Court considered Gjoka's case and remanded to the BIA for clarification of its reasoning regarding its affirmation of the IJ's adverse credibility finding. *Gjoka v. INS,* 161 Fed.Appx. 152 (2d Cir.2006) (summary order).

believed he had given one to his lawyer, but his lawyer denied having seen any letters. Gjoka later backtracked and said he had only received two letters from his father, and also contradicted this claim by testifying that his father was afraid to send any "suspicious" letters. These inconsistencies in Gjoka's testimony also constituted a specific, cogent reason for the IJ to find Gjoka not credible. *See Secaida–Rosales*, 331 F.3d at 307. Accordingly, the IJ's adverse credibility determination was a sufficient basis for the denial of Gjoka's asylum claim.

As for the denial of his applications for withholding of removal and CAT relief, Gjoka did not raise them in his brief to this Court. Accordingly, they are deemed waived, and we decline to consider them. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).